UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:17-CR-77 |
| | ) | |
| JOHN CHINNICI, | ) | |
|     Defendant. | ) | |

## MOTION FOR CURCIO HEARING

The United States of America, by its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby moves the Court to conduct a hearing into potential conflicts of interest between defendant John Chinnici and two anticipated government witnesses at trial: Scott Galusha and Amy Stone.

### Scott Galusha

If called as a witness at trial, Scott Galusha is expected to testify that on the night of January 10-11, 2016, he and Anthony Falace were employees of the Martin's Mobil gas station in Bennington, Vermont. They closed the gas station and mini-mart at midnight. Falace prepared a bag containing the night's proceeds for deposit in a night deposit window at the bank located across the street. Galusha and Falace carried the bag to the bank, where they were met by two men wearing masks, one of whom carried a gun. Galusha and Falace surrendered the bag to the masked men, who then ran away.

In 1993, Galusha was prosecuted in the District of Vermont for bank robbery. He was represented in that case by Ernest M. (Bud) Allen, counsel for Chinnici in the instant case.

### Amy Stone

If called as a witness to testify at trial, Amy Stone is expected to testify that in January

1

2016, she sold guns for a third person, for which she made approximately $100 per transaction. In one of the transactions, Stone sold a gun to a person named "John," whom she met through his cousin, Vanessa. Stone described John as physically large with tattoos on his face and/or neck, and would testify that John thanked her profusely after buying the gun, explaining that he had just been released from jail and was unable to buy a firearm. Stone met with John and Vanessa the day after the gun sale, at which time John asked to buy ammunition. Stone did not sell any ammunition to John.

Amy Stone is represented by Assistant Federal Public Defender Elizabeth Quinn. Federal Public Defender Michael L. Desautels represented Chinnici in 2006 when Chinnici was prosecuted for stealing firearms from a licensed firearms dealer, conspiracy to exchange firearms for crack cocaine, and for being a felon in possession of a firearm, in case number 2:06-CR-00015-WKS. Chinnici pleaded guilty to being a felon in possession of a firearm in November 2006, while represented by Desautels. Prior to sentencing, on July 9, 2007, Desautels was relieved as counsel for Chinnici. On July 11, 2007, Bud Allen was appointed to represent Chinnici and represented Chinnici through sentencing.

**Points and Authorities**

It is without dispute that a defendant's right to counsel under the Sixth Amendment includes the right to be represented by an attorney who is free from conflicts of interest. *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) (citations omitted). Where there is a concern that a defendant's counsel has an actual or potential conflict of interest, the district court is to conduct a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982). *Id.* at 153. At this hearing, the Court

> (1) advises the defendant of his right to representation by an

> attorney who has no conflict of interest,
>
> (2) instructs the defendant as to the dangers arising from particular conflicts,
>
> (3) permits the defendant to confer with his chosen counsel,
>
> (4) encourages the defendant to seek advice from independent counsel,
>
> (5) allows a reasonable time for the defendant to make a decision, and
>
> (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*Id.* at 888-90.

As to the potential conflict of interest in Mr. Allen's prior representation of Galusha, the government requests the Court to inquire of Galusha whether he objects to being cross-examined by prior counsel. (When the government questioned Galusha, he indicated that he had no objection). The government also requests the Court to inquire of Chinnici whether he waives the potential claim that his lawyer was unable to cross-examine Galusha fully out of concern that he might use information about Galusha he learned during their prior attorney-client relationship.

As to the potential conflict of interest involving Amy Stone's representation, the government requests the Court to question Chinnici whether he objects to the representation of an adverse witness by a lawyer who works for his prior counsel.

Dated at Burlington, in the District of Vermont, on June 20, 2018.

Respectfully submitted,

UNITED STATES OF AMERICA

CHRISTINA E. NOLAN
United States Attorney

*Barbara A. Masterson*
BARBARA A. MASTERSON
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT   05402
Phone: (802) 951-6725
