

**U.S. Department of Justice**

*United States Attorney*
*District of Vermont*

*United States Courthouse and Federal Building*
*Post Office Box 570*
*Burlington, Vermont, 05401-0570*

*(802) 951-6725*
*Fax: (802) 951-6540*

March 21, 2019

David J. Williams, Esq.
Jarvis, McArthur & Williams
95 St. Paul Street, Suite 200
P. O. Box 902
Burlington, VT  05402

      Re:    <u>United States v. John Chinnici</u>
             Case No. 2:17-cr-00077

Dear David:

      Please find on the enclosed disk documents numbered 002094-002182, further identified on the enclosed index. These documents are from Det. Larry Cole and are responsive to the Defense Discovery Requests.

      Please let me know if you have any questions.

                                   Sincerely,

                                   CHRISTINA E. NOLAN
                                   United States Attorney

                                   */s/ Barbara Masterson*
                                   BARBARA A. MASTERSON
                                   Assistant U.S. Attorney

Enclosure

EXHIBIT 85

United States v. John Chinnici Defense Discovery Requests

Pursuant to the Court's February 7, 2019 order, Defendant John Chinnici makes the following requests for the production of copies, documents, and other materials, and an opportunity to inspect certain original documents and other

evidence:

1. The name of the former Bennington Police Officer who left the two AT&T cell phones seized at the Mayhew/Garcia apartment in a desk drawer at Bennington Police Department (BPD);

   Current Officer Thalia Hudson (now Wilborn).

2. The date the two AT&T cell phones were found in the desk drawer at BPD and the name of the person who found them;

   The two phones were found in the desk drawer on or about January 3, 2019 by D/Sgt Cole.

3. Any documents related to any attempt by BPD to return the two AT&T cell phones to Vanessa Garcia and Austin Mayhew;

   Two emails sent by Officer (now Corporal) Stephen Sleasman to the Probation Officers of Mayhew and Garcia. A Face Book messages sent by D/Sgt Cole to Mayhew at the request of Officer Hudson (Wilborn). Copy of notes made on evidence bag by Officer's Sleasman and Hudson. *Documents attached.*

4. The dates the former BPD officer contacted Garcia and Mayhew and how the former BPD officer tried to contact them (telephone call, email, text message, etc.);

   Two emails sent by Officer Sleasman to the Probation Officers were sent on 03-10-2017. The Face Book message was sent by D/Sgt Cole on 01-23-2018. *Documents attached.*

5. Copies of any communication from BPD to the United States Attorney's Office (USAO) or any other investigating agency indicating that BPD could not locate the two AT&T cell phones before trial.

   None located.

6. Copies of any communication from BPD to the USAO or any other investigating agency indicating that BPD had found the two AT&T cell phones after trial.

   None located.

7. Any and all chain of custody or other documents related to the seizure and storage of John Chinnici's Samsung cell phone, provided to BPD by Edward Chinnici on January 14, 2016;

8. Any and all chain of custody or other documents related to the seizure and storage of the two AT&T cell phones seized at the Garcia/Mayhew apartment on January 14, 2016 and the recent discovery of those phones after the Court was advised they could not be located;

   Attached

9. A copy of the temporary evidence sheets for the two AT&T cell phones seized from the Mayhew apartment on 1/14/16;

Not retained by Officer Murawski

10. Copies of entries made in the evidence control book for the two AT&T cell phones;

Attached

11. The date when Det. Cole discovered the two AT&T cell phones were missing;

Unknown (after 01-23-2018)

12. A description of the exhaustive efforts Det. Cole made before trial to find the two AT&T cells phones seized from the Mayhew apartment on 1/14/16 after he learned they were missing.

Searched 40 + or – Evidence storage boxes within the Evidence Room. Reviewed Evidence Log and Evidence Sheets.

13. Any and all chain of custody or other documents related to the seizure, storage, and destruction of evidence, including Vanessa Garcia's notebook, seized at the Mayhew/Garcia apartment by BPD on 1/14/16;

See #8

14. A copy of the Bennington Police Department's policy for the storage and retention of evidence in criminal cases;

No written policy

15. A copy of the Bennington Police Department's policy for the destruction of evidence in either open or closed criminal cases;

No written policy

16. BPD's explanation for (a) not attempting to contact Vanessa Garcia before Det. Cole destroyed her notebook in January 2018, and (b) destroying Garcia's personal property without Garcia's permission in January 2018;

Attempts were made to contact Garcia (see #3 & #4)

D/Sgt. Cole did not destroy Garcia's property

Items disposed of when Garcia did not respond nor did she make any attempts to retrieve her property.

17. A copy of the BPD search warrant application for the apartment occupied by Mary Smith and Frank Chinnici, approved by the Vermont Superior Court on May 1, 2014 (see attached documents, *State v. Frank Chinnici*, Doc. No. 400-5-14 Bncr);

Attached

(3)

18. Any document, electronic or paper, related to any communications between BPD and the Bennington State's Attorney's office related to the dismissal of the felony drug charge brought against Frank Chinnici, *State v. Frank Chinnici*, Doc. No. 400-5-14 Bncr;

Not for BPD

19. Any documents related to Frank Chinnici's work as an informant beginning in 2013 through the present (other than those already provided);

None located

20. The name of the person who made the handwritten corrections to the BPD Main Names Table on 1/14/16 (Bates 1177);

That person is Lt. Camillo Grande

21. The second page of Anthony Falace's written statement (Bates 1123, Page 1 of 2) that was not produced in discovery;

Not located (the statement is only one page long)

22. A copy of the hand-written "Evidence Log" created when the police executed the search warrant at the Garcia/Mayhew apartment on 1/14/16 (*See* Bates 842);

None located (handwritten log was used at the scene for transfer to the Search Warrant)

23. An opportunity to inspect the Facebook downloads with the original Sharpie notations - Bates 1174, 1175, 1191, and 1192 - that appear to be screenshots of images downloaded from John's Facebook account. Two of those images have notations that appear to be written with a Sharpie pen (Bates 1191 and 1192);

Available at BPD

24. The name of the person who downloaded these photos from Facebook, the date and time when they were downloaded, the name of the person who printed them and the location of the device where they were printed, and the name of the person who wrote made the "John" notations on the documents with a Sharpie pen or similar writing device.

All by D/Sgt. Cole. Unknown date and time. Unknown which printer.

24. A copy of the Anna Furlong screenshot described by Anthony Falace to Agent Brown, Bates 151;

None located

(4)

25. Copies of any correspondence, written or electronic, between the United States Attorney's Office and Attorney Ernest M. Allen, III from August 1, 2018 through the present.

Not for BPD